## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | | |
|---|---|---|
| *In Re*: | : | Chapter 11 |
| WEABER, INC., | : | |
| Debtor. | : | Bankruptcy No. 25-02167 (HWV) |

### OBJECTION OF DEBTOR, WEABER, INC. TO
### PROFESSIONAL FEES REQUEST OF JP MORGAN CHASE

Weaber, Inc. by and through counsel, Ciardi Ciardi & Astin, hereby objects to the professional fee requests of JP Morgan Chase ("JPMC") as follows:

1. JP Morgan Chase submitted professional fee requests for both Morgan Lewis (Morgan Request) and Meru (Meru request).

2. The Morgan Request for August, one month, was $281,877.00 with rates ranging from $455/hr to $1850/hr, Exhibit A.

3. As an example of the lack of transparency in the Morgan Request, the Debtor notes there were at most three (3) uncontested cash collateral orders in August, 2025. The Morgan Request is essentially $100,000 for each uncontested order.

4. The combined Morgan Request and Meru Request is double the interest payable to JPMC on a current basis and substantially greater than the monthly amount budgeted for the combined professionals of the Debtor and the Committee.

5. The Meru Request for August, one month, was $96,600 with rates ranging from $600/hr to $1050/hr, Exhibit B

6. No details are provided for either the Morgan Request of Meru Request.

1

7. Pursuant to the Fourth Interim Cash Collateral Order, the Debtor is obligated to pay any undisputed amount. However, without detailed time records, the Debtor cannot determine what amount is disputed or undisputed.

8. The Debtor objects to the rates requested as not reasonable or appropriate for a case of this size in this district.

9. The Debtor may amend this objection once the detailed time records are provided.

10. JP Morgan Chase has objected to use of cash collateral by the Debtor in part upon the position that the Debtor has no equity or nominal equity in its assets.

11. If it is ultimately determined that JP Morgan Case is under secured, no fees would be payable under 11 U.S.C. § 506 and the fees and interest paid to date would be returned to the Debtor or reduce the undersecured claim.

12. Until there is a ruling on valuation and JP Morgan Chase affirmatively takes a position on value, no such fees should be approved.

**CIARDI CIARDI & ASTIN**

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
T (215) 557-3550
F (215) 557-3551
aciardi@ciardilaw.com
Counsel to Debtor Weaber, Inc.

Date: October 8, 2025

2