IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In Re*: | : | Chapter 11 |
| | : | |
| WEABER, INC., | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 25-02167 (HWV) |
| | : | |

**ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES
FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

Upon the Debtor's *Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Motion"), this ("Order") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing

1

therefor IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals[1], all Professionals retained by the Debtor or the Committee in the Chapter 11 Case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(A) Monthly Fee Statements

1. Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

    a. Counsel for the Debtor;

    b. Proposed Counsel for the Committee;

    c. The Office of the United States Trustee for the Middle District of Pennsylvania;

    d. The Debtor's secured creditors;

    e. Any party requesting notice of all proceedings; and

    f. Any other party designated by the Court.

(B) Objections

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue.

(C) Payments

---
[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Motion.

2

1. On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) a Certification of No Objection and then receive 80% of the fees and 100% of the expenses not subject to an objection. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection. If a Professional receives an objection to particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth herein.

2. If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtor may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3. If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

4. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an objection or not. Failure by any party listed in section (A)(1) to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any Interim Fee Application (as defined below) or final fee application.

(D) Fee Applications

1. A Professional who has received monthly payments under the Order must, at four-month intervals (the "Interim Fee Period") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the

3

Case 1:25-bk-02167-HWV    Doc 231    Filed 11/07/25    Entered 11/07/25 11:39:42    Desc
Main Document    Page 3 of 5

applicable period (an "Interim Fee Application") unless otherwise agreed between such professional and the Office of the United States Trustee.

2. Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

4. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

5. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement or any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

6. Any party under section (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3. The Debtor shall include all payments to Professionals on the Debtor's monthly operating reports, detailed to state the amount paid to each Professional.

4. All Professionals that are law firms shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, in connection with any Monthly Fee Statements, interim fee applications and final fee applications to be filed in these Chapter 11 Cases. All Professionals that are law firms

4

shall provide any and all Monthly Fee Statements, interim fee applications, and final fee applications in "LEDES" or Excel format to the U.S. Trustee.

5. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final order of this Court.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtor's entry into any post petition financing facilities or credit agreements, and any budgets in connection therewith governing any such post-petition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

By the Court,

*Henry W. Van Eck*

Henry W. Van Eck, Chief Bankruptcy Judge
Dated: November 7, 2025