IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | | |
|---|---|---|
| *In Re:* | : | Chapter 11 |
| WEABER, INC., | : | |
| Debtor. | : | Bankruptcy No. 25-02167 (HWV) |

## MOTION PURSUANT TO 11 U.S.C. § 364(C) FOR AUTHORITY TO ENTER INTO THE INSURANCE PREMIUM FINANCE AGREEMENT <u>WITH FIRST INSURANCE FUNDING</u>

Weaber, Inc. (the "Debtor") by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 364(c)(1) and (c)(2) for authority (a) to enter into the insurance premium finance agreement (the "Agreement") with First Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("Premium Finance Company") and incur indebtedness, (b) to grant Premium Finance Company a security interest in and lien upon all unearned or returned premiums and related amounts which may become payable under the policies identified in the Agreement and a lien upon and security interest in loss payments but only to the extent such loss payments reduce the unearned premiums and subject only to any mortgage or loss payee interest pursuant to 11 U.S.C. § 364(c)(2), (c) to grant Premium Finance Company an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) or 507(b) pursuant to 11 U.S.C. § 364(c)(1), and (d) to grant Premium Finance Company an administrative expense claim for any deficiency claim of Premium Finance Company that may remain in the event that Premium Finance Company must proceed against its collateral and the collateral is insufficient to pay all indebtedness owed to Premium Finance Company in full, pursuant to 11 U.S.C. § 364(c)(1) (the "Motion"). In support of its Motion, the Debtor states as follows:

1

1.      On August 1, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Following the Petition Date, the Debtor has remained in possession of its respective properties and has continued to manage its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code in order to reorganize its operations.

2.      The Office of the United States Trustee appointed an Official Unsecured Creditor's Committee (the "Committee") on August 25, 2025. *See* Docket No. 59.

3.      The Debtor is a vertically integrated hardwoods product company specializing in the production of oak and poplar trim boards, weathered wallboards, unfinished oak flooring, mouldings, stair products, and closet poles. The Debtor does not import lumber from outside the United States and is not exposed to tariff duties.

4.      The Debtor's day-to-day operations are managed by Matthew G. Weaber, President and CEO of the Debtor. As of the Petition Date, the Debtor has 295 employees. Since the Petition Date, the Debtor has operated with the consensual use of cash collateral.

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105 and 364 of the Bankruptcy Code.

**RELIEF REQUESTED**

6.      In the ordinary course of business, the Debtor must maintain various insurance policies in order to continue its winddown operations and secure its various properties. The Debtor has been unable to pay in the ordinary course of business pursuant to 11 U.S.C. § 364(a), the premiums for the insurance policies identified in the Agreement, and has been unable, after reasonable efforts, to obtain unsecured credit for such payment pursuant to 11 U.S.C. § 364(b).

2

7. The Debtor has engaged in discussions with various companies in the business of providing insurance premium financing and has determined that Premium Finance Company offers the most advantageous terms for such financing. A copy of Debtor's Agreement is attached hereto as **Exhibit A** and is incorporated herein by this reference.

8. The insurance policies identified in the Agreement (collectively, the "Insurance Policies") are crucial to the operation of the Debtor's business and cannot be obtained without the authorization requested herein. Thus, the authorization sought herein is in the best interest of the estate and its creditors.

9. The Agreement requires the Debtor to make a down payment in the amount of $468,000.00 and to make 9 monthly payments beginning December 6, 2025, each in the amount of $101,740.31. The annual percentage rate is 8.85 percent and the total amount financed under the Agreement is $882,791.00 with total payments under the Agreement of $1,350,791.00.

10. The Agreement assigns and grants to Premium Finance Company a first priority and senior lien upon and security interest in any and all unearned or returned premiums which may become payable under the Insurance Policies. Debtor requests that Premium Finance Company's lien and security interest in such unearned premiums shall be senior to the rights of the Debtor's Estate in this and any subsequent proceeding under the Bankruptcy Code and to the rights of any person claiming a lien or security interest in any assets of the Debtor to the extent allowed by 11 U.S.C. § 364(c)(2).

11. The Agreement also assigns and grants to Premium Finance Company a first priority senior lien upon and security interest in any loss payment under the Insurance Policies but only to the extent such loss payments would reduce the unearned premiums. Debtor requests that Premium Finance Company's lien and security interests in such payments shall be senior to the

3

Case 1:25-bk-02167-HWV    Doc 292    Filed 12/17/25    Entered 12/17/25 10:32:17    Desc
Main Document    Page 3 of 5

rights of Debtor's estate in this or any subsequent proceeding under the Bankruptcy Code but shall be subject to the interest of any mortgagees or other payees.

12. The Debtor requests and the Order provides Premium Finance Company's liens and security interests shall be deemed duly perfected without further action by Premium Finance Company, which is consistent with applicable state law.

13. In the event a default by the Debtor in making the monthly payments under the Agreement, but subject to ten days prior notice to Debtor and Debtor's right to cure, the Agreement allows Premium Finance Company to cancel the Insurance Policies identified in the Agreement and apply to the Debtor's account the unearned or returned premiums; and, subject to the rights of loss payees, any loss payments which would reduce the unearned premiums. The Debtor requests that Premium Finance Company may exercise its rights under the Agreement in the event of any such default without moving for relief from the automatic stay of 11 U.S.C. § 362 and without further order of this Court.

14. The Debtor further requests that the Court grant Premium Finance Company (i) an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) or 507(b) pursuant to 11 U.S.C. § 364(c)(1), and (ii) an administrative expense claim for any deficiency claim of Premium Finance Company that may remain in the event that Premium Finance Company must proceed against its collateral and the collateral is insufficient to pay all indebtedness owed to Premium Finance Company in full, pursuant to 11 U.S.C. § 364(c)(1) and 503(b) as an expense necessary to preserve the estate.

15. Premium Finance Company is extending financing under the Agreement in good faith within the meaning of 11 U.S.C. § 364(e).

16. The Debtor submits the proposed Order attached hereto as **Exhibit B** (the "Order"), and the proposed Order sets forth the relief requested in this Motion.

**WHEREFORE**, the Debtor prays that the Court enter an Order consistent with the Motion set forth above and in the form of **Exhibit B** hereto and grant such other and further relief as it may deem appropriate.

**CIARDI CIARDI & ASTIN**

Dated: December 17, 2025

By: */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: 215-557-3550
Facsimile: 215-557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com
*Attorneys for the Debtor and Debtor-In-Possession*

5

Case 1:25-bk-02167-HWV    Doc 292    Filed 12/17/25    Entered 12/17/25 10:32:17    Desc
Main Document    Page 5 of 5