# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of: | Bankruptcy Case No. 25-02167 (HWV) |
| Weaber, Inc. | Chapter 11 |
| Debtor | |

## MOTION FOR EXTENSION OF TIME TO FILE PROOF OF CLAIM

Mercantile Bank ("**Mercantile**"), a secured creditor in the above captioned action, by and through its undersigned attorneys, hereby submits this motion (the "Motion") pursuant to sections 105(a) and 501 of title 11 of the United States Code, 11 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 3002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order substantially in the form attached hereto as **Exhibit A**, extending the time for Mercantile to file a proof of claim. In support of the Motion, Mercantile states as follows:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105 and 501 and Federal Rule of Bankruptcy Procedure 3002(c)(7).

3. The Debtor, Weaber, Inc., ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about August 1, 2025.

4. On or about August 28, 2025, this Court ordered, among other things, that the deadline for filing non-governmental proofs of claim was December 1, 2025 (ECF No. 72) ("**Proof of Claim Order**").

5. Mercantile is a secured creditor in this proceeding pursuant to a guaranty executed and delivered by the Debtor and mortgage on real property commonly known as 11117 Skyline Dr., Titusville, PA 16354, executed and delivered by the Debtor. *See* Proposed Proof of Claim attached as **Exhibit B**.

6. The Debtor owes Mercantile $2,600,000.00 pursuant to the guaranty. *Id*.

7. Mercantile is not listed as a creditor in this case or on any of the Schedules (ECF Nos. 109 and 120) nor on the Creditor Matrix (ECF No. 3). *See* **Exhibit C** and **Exhibit D**.

8. Mercantile has not received notice of this bankruptcy or this Court's Proof of Claim Order.

9. The Debtor has not filed a Chapter 11 Plan in this matter, having recently requested an Order from this Court extending the exclusivity deadline to January 28, 2026 (ECF No. 258).

10. Federal Rule of Bankruptcy Procedure 3003 governs the filing of proofs of claim in Chapter 11 matters such as these, and in pertinent part provides:

> (c)(3) ***Time to File.*** The court must set the time to file a proof of claim or interest and may, for cause, extend the time. If the time has expired, the proof of claim or interest may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (3), (4), and (7).

Fed. R. Bankr. P. 3003(c)(3).

11. Federal Rule of Bankruptcy Procedure 3002(c)(7) provides:

> ***Extending the Time to File.*** On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

Fed. R. Bankr. P. 3002(c)(7).

12. The court in *In re Mazik*, 592 BR 812, 818 (E.D. Pa 2018), construing a prior, but similar, version of this rule held that the creditor's burden of proving lack of notice is met when,

2

as here, the debtor files a list of creditors that omits the name and address of the creditor seeking the extension of time to file a proof of claim. *See also In re Aguilar*, 668 B.R. 512, 515-16 (Bankr. S.D. Fla. 2025) (holding that an extension of a creditor's time to file a proof of claim is properly granted where the creditor did not receive notice of the deadline to file a proof of claim).

13. No party will be prejudiced by allowing Mercantile to file its proof of claim.

14. Accordingly, Mercantile has met the burden for extending the December 1, 2025, proof of claim deadline.

WHEREFORE, Mercantile Bank respectfully requests this Court enter an order in the form of **Exhibit A** granting this Motion and providing Mercantile 10 days from the date of the Order to file its proof of claim in this matter, and granting such further or different legal or equitable relief as this Court deems just.

Dated: December 19, 2025
                */s/ David Smith*
                David Smith, Esquire
                Jack Small, Esquire
                **DILWORTH PAXSON LLP**
                1650 Market Street, Suite 1200
                Philadelphia, PA 19103
                dsmith@dilworthlaw.com
                jsmall@dilworthlaw.com
                Tel: 215-575-7062
                Fax: 215-575-7200
                *Attorneys for Mercantile Bank*