IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg)

| | | |
|---|---|---|
| *In Re:* | : | Chapter 11 |
| | : | |
| WEABER, INC., | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 1:25-bk-02167 (HWV) |
| | : | |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 364(C)
FOR AUTHORITY TO ENTER INTO THE INSURANCE PREMIUM FINANCE
AGREEMENT WITH FIRST INSURANCE FUNDING**

Upon consideration of the Debtor's Motion Pursuant to 11 U.S.C. § 364(c) for Authority to Enter into the Insurance Premium Finance Agreement (the "Agreement") with First Insurance Funding (the "Motion")[1], Doc. 292, and no objections having been filed, it is

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that the Debtor is authorized to execute and to enter into the Agreement with Premium Finance Company, and the Agreement is approved in all respects including the power of attorney in favor of Premium Finance Company to cancel the Insurance Policies in an event of default under the Agreement. It is further

**ORDERED** that the Debtor is authorized to obtain credit and incur debt (i) secured by a first priority lien upon and security interest in the unearned insurance premiums or returned premiums under the Insurance Policies identified in the Agreement pursuant to Section 364(c)(2) of the Bankruptcy Code which liens shall be deemed perfected without further action by Premium Finance Company or this Court, and (ii) with priority over any and all administrative expenses of the kind specified in section 503(b) or 507(b) of the Bankruptcy Code pursuant to Section

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

1

364(c)(1) of the Bankruptcy Code, provided that fees owed to the U.S. Trustee under 28 U.S.C. § 1930 are not subordinate to the first priority lien or security interest of Premium Finance Company. Premium Finance Company shall have a lien on any loss payment under the Insurance Policies only to the extent such loss payments would reduce the unearned premiums and subject to the interest of any mortgagees or other payees. It is further

**ORDERED** that in the event of a default by the Debtor under the Agreement, the automatic stay pursuant to 11 U.S.C. § 362(a) is modified to permit Premium Finance Company to (i) cancel the Insurance Policies scheduled on the Agreement (as defined in the Motion) subject only to ten (10) days prior notice to the Debtor and a right to cure, (ii) recover and collect the unearned insurance premiums and fees related to the Insurance Policies from the insurance carriers, agents and brokers, and (iii) apply such unearned return premiums and fees to the outstanding indebtedness due and owing Premium Finance Company, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreement and applicable law. It is further

**ORDERED** that to the extent a deficiency claim exists after application of any unearned premiums received by Premium Finance Company to obligation owed to it, such claim shall be afforded administrative claim status pursuant to Sections 364(c)(1) and 503(b) of the Bankruptcy Code as an actual and necessary expense of preserving the estate. It is further

**ORDERED** that Premium Finance Company has extended credit to the Debtor in good faith and shall be entitled to the protections afforded by Section 364(e) of the Bankruptcy Code. It is further

**ORDERED** that notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3) and 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

By the Court,

*/s/ Henry W. Van Eck*
_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: January 8, 2026

3

Case 1:25-bk-02167-HWV    Doc 316    Filed 01/08/26    Entered 01/08/26 14:53:08    Desc
Main Document    Page 3 of 3